# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| KLAIN GIBSON, | : | |
| | : | |
| Plaintiff, | : | Case No. 2:22-cv-3792 |
| | : | |
| v. | : | Chief Judge Algenon L. Marbley |
| | : | Magistrate Judge Kimberly A. Jolson |
| | : | |
| OFFICER MEGAN DURFEY, *et. al.*, | : | |
| | : | |
| Defendants. | : | |

## **OPINION & ORDER**

Before the Court are Plaintiff's Motion for Clerk to Enter Default as to Defendants Emily Fain and Christopher Alexander and Motion for Default Judgment (ECF No. 40), as well as Plaintiff's Motion for Costs and Fees for Service (ECF No. 37). For the reasons set forth below, Plaintiff's Motions (ECF Nos. 40, 37) are **DENIED**.

## I.  BACKGROUND

On October 25, 2022, Plaintiff Klain Gibson filed this case against Defendants Officer M. Durfey, Officer J. Smith, Officer E. Fain, Officer J. Robinette, Officer J. Young, Mail Clerk M. Wilson, Mail Clerk B. Holley, Officer C. Gross, Officer A. Myers, Officer S. Keys, Lieutenant S. Worthington, Captain C. Alexander, and John/Jane Does. (ECF No. 1). At the time of the allegations, Plaintiff was an inmate and Defendants were employees at Madison Correctional Institution. (*Id*. ¶¶ 4, 10). Plaintiff sued Defendants under 42 U.S.C. § 1983, alleging retaliation for exercising his First Amendment rights and excessive and unreasonable use of force while incarcerated. (*Id*. ¶¶ 11-29).

On October 25, 2022, Plaintiff attempted service on Defendants at the Madison Correctional Institution. (ECF No. 37-1 ¶ 2). On or about November 2, 2022, the Warden of the

Madison Correctional Institution returned the service documents for Defendants Fain, Holley, Young, Myers, and Alexander. (*Id*. ¶ 3.). On November 15, 2022, the Warden returned the service documents for Defendant Smith. (*Id*.). The Warden explained in a letter to Plaintiff that the service documents were accepted in error by mailroom staff and that those Defendants do not work at Madison Correctional Institution. (*Id*.; ECF No. 23-1). As a courtesy, Defense counsel provided Plaintiff's counsel with the last known residential addresses of the unserved Defendants. (ECF No. 38 at 2).

On December 2, 2022, Defendants Gross, Keys, Robinette, Wilson, Worthington, and Interested Party State of Ohio filed a motion for leave to file an answer instanter. (ECF No. 18). On January 10, 2023, Magistrate Judge Kimberly Jolson granted Defendants' motion. (ECF No. 21).

On December 8, 2022, Plaintiff reattempted service on Defendants Durfey, Smith, Myers, Holey, Young, Fain, and Alexander at their last known residential addresses provided by Defense counsel. (ECF No. 37-1 ¶ 5). None of the waivers of service was returned, with the exception of Defendant Fain who returned an executed waiver on December 22, 2022. (*Id*.).

On December 30, 2022, Plaintiff requested an extension of time to complete service on the remaining Defendants. (ECF No. 20). On January 10, 2023, Magistrate Judge Jolson granted Plaintiff an extension until March 11, 2023. (ECF No. 21).

On January 10, 2023, Defendants Gross, Keys, Robinette, Wilson, Worthington, and Interested Party State of Ohio filed an Answer to the Complaint. (ECF No. 22).

On February 15, 2023, Plaintiff filed a motion requesting that the Clerk of Court cause service of process to be reissued to the U.S. Marshal Service for service upon Defendants Durfey, Smith, Young, Holley, Myers, Alexander, and Fain. (ECF No. 23). On February 17,

2023, Magistrate Judge Jolson denied Plaintiff's motion. (ECF No. 24). Magistrate Judge Jolson explained that "Plaintiff, who is represented by counsel, has not attempted to serve the Defendants with the Complaint. He has solely attempted to receive waivers of service from Defendants. Before Plaintiff requests that the Court utilize its resources to serve the Defendants, he must attempt, through his counsel, to personally serve them." (*Id.*) (citations omitted).

On February 21, 2023, Plaintiff filed a motion to appoint a special private process server to serve the remaining Defendants. (ECF No. 25). On February 22, 2023, Magistrate Judge Jolson denied Plaintiff's motion as moot. (ECF No. 26). Magistrate Judge Jolson stated that "Fed. R. Civ. P. 4(c)(2) allows any person who is at least 18 years old and not a party to serve a summons and complaint without a court order." (*Id.*).

On February 22, 2023, Plaintiff retained the services of a private process server to effectuate service on the remaining Defendants. (ECF No. 37-1 ¶ 7).

On March 8, 2023, service was effectuated on Defendants Durfey, Smith, Myers, Holley, Young, Fain, and Alexander. (ECF No. 29). After receiving service, Defendants began the process of requesting that the Office of the Ohio Attorney General (hereinafter "Ohio Attorney General") represent them in this matter. (ECF No. 43 at 2). The process involves submitting a formal request in writing and receiving approval from the Ohio Department of Rehabilitation and Correction ("ODRC"). (*Id.*)

On March 24, 2023, Defendants Durfey, Holley, Myers, Smith, Young, and Interested Party State of Ohio filed an Answer to the Complaint. (ECF No. 33).

On April 18, 2023, Plaintiff filed the motion sub judice for costs and fees for service. (ECF No. 37). On May 9, 2023, Defendants filed a response in opposition to Plaintiff's motion. (ECF No. 38). On May 15, 2023, Plaintiff replied to Defendants' response. (ECF No. 39).

On May 15, 2023, Plaintiff filed the motion sub judice for default judgment against Defendants Fain and Alexander. (ECF No. 40).

On or about May 22, 2023, the Ohio Attorney General was notified that the ODRC found Defendants Fain and Alexander eligible for representation by the Ohio Attorney General in this matter. On May 31, 2023, Defendants Fain and Alexander and Interested Party State of Ohio responded to Plaintiff's motion for default judgment. (ECF No. 43).

On May 31, 2023, Defendants Fain and Alexander and Interested Party State of Ohio filed a motion for leave to answer the Complaint instanter. (ECF No. 42). On June 1, 2023, Magistrate Judge Jolson granted Defendants' motion. (ECF No. 44). On June 1, 2023, Defendants Fain and Alexander and Interested Party State of Ohio filed an Answer to the Complaint. (ECF No. 45).

On July 25, 2023, Plaintiff filed a motion to amend/correct its Complaint. (ECF No 46). On August 30, 2023, Magistrate Judge Jolson granted Plaintiff's motion. (ECF No. 47). On August 30, 2023, Plaintiff filed an Amended Complaint. (ECF No. 48). On September 7, 2023, all Defendants filed an Answer to the Amended Complaint. (ECF No. 50).

## II. LAW & ANALYSIS

### A. Motion for Clerk to Enter Default and Motion for Default Judgment Against Defendants Fain and Alexander

Plaintiff moves the Clerk of Court to enter default as to Defendants Fain and Alexander for failing to answer its original Complaint within the time required by Fed. R. Civ. P. 12(a)(1)(A)(i). (ECF No. 40 at PageID 152). Plaintiff further moves this Court to enter default

4

judgment against Defendants Fain and Alexander. (*Id.*). For both procedural and substantive reasons, this Court denies Plaintiff's motion.

First, Rule 55 of the Federal Rules of Civil Procedure provides a two-step procedure for default judgments. *See* Fed. R. Civ. P. 55. A plaintiff must first apply for and receive an entry of default from the Clerk of Court. Fed. R. Civ. P. 55(a). After the Clerk enters a party's default, then a plaintiff may apply to the court for a default judgment. Fed. R. Civ. P. 55(b)(2). Here, Plaintiff moved for an entry of default and default judgment in the same motion. Plaintiff has not yet obtained an entry of default from the Clerk of Court. Because Plaintiff has not followed the proper procedures for default judgment, its motion is denied.

Second, Plaintiff's motion is moot given that Plaintiff amended its Complaint. (ECF No. 48). Entries of default on inoperative complaints are moot. *Mercer v. Csiky*, No. 08-11443-BC, 2010 WL 2671329, at *2 (E.D. Mich. June 30, 2010). A complaint becomes inoperative upon the filing of an amended complaint. *Hayward v. Cleveland Clinic Foundation*, 759 F.3d 601, 617 (6th Cir. 2014); *Drake v. City of Detroit*, 266 F. App'x 444, 447-48 (6th Cir. 2008); *Fly Union LLC, et al. v. Smith, et al.*, No. 2:21-CV-5020, 2022 WL 18570642, at *1 (S.D. Ohio June 17, 2022); *Lucas v. DeSilva Auto. Servs.*, No. 1:16-CV-790-MRB-SKB, 2018 WL 1558866, at *2 (S.D. Ohio Mar. 31, 2018). Here, Plaintiff's original Complaint was filed on October 25, 2022. The motion sub judice was filed on May 15, 2023. Plaintiff then amended its Complaint on August 30, 2023. Based on the procedural history, Plaintiff's motion is related to its original Complaint. Given that Plaintiff's original Complaint is inoperative, Plaintiff's motion is moot.

Finally, under the Prison Litigation Reform Act ("PLRA"), default judgment is not available to a prisoner plaintiff based on a defendant's failure to respond to a complaint, except when the court requires a defendant to reply. 42 U.S.C. § 1997e; *see also Jones v. Bock*, 549 U.S.

5

199, 213-14 (2007) (finding that "unlike in the typical civil case, defendants do not have to respond to a complaint covered by the PLRA until required to do so by the court[.]"). Here, Plaintiff's 42 U.S.C. § 1983 claim falls under the PLRA since he is incarcerated. Neither Magistrate Judge Jolson nor this Court compelled Defendants to reply to Plaintiff's Complaint. Since Defendants had no obligation to reply, default judgment is improper.

For the reasons stated above, Plaintiff's Motion for Clerk to Enter Default as to Defendants Emily Fain and Christopher Alexander and Motion for Default Judgment (ECF No. 40) is **DENIED**.

### B. Motion for Costs and Fees for Service

Plaintiff moves, pursuant to Fed. R. Civ. P. 4(d)(2), for an award of $223.45 for the cost of service on Defendants Durfey, Smith, Myers, Holley, Young, and Alexander, as well as $975.00 for attorney's fees. (ECF Nos. 37, 39). Plaintiff asserts that it is entitled to costs and fees for service on those Defendants because they refused to waive service. Defendants argue that Plaintiff is not entitled to costs and fees for service because Plaintiff failed to comply with the requirements of Fed. R. Civ. P. 4(d)(1) by not providing two clean copies of the waiver. Specifically, Plaintiff's counsel signed his own name and provided his own information where Defendants would acknowledge the waiver. (*See* ECF No. 38-1, Exhibit A). Defendants further argue that there is good cause for why they failed to waive service: namely, that there are state law processes and requirements for the ODRC and the Ohio Attorney General to represent current and former ODRC employees. (ECF No. 38 at 3-4) (citing Ohio Revised Code §§ 109.361 and 109.362)).

Under Fed. R. Civ. P. 4(d)(1), a plaintiff must provide a defendant with a copy of the complaint, two copies of the waiver form appended to Rule 4, and a prepaid means for returning

6

the form. Then, if a defendant fails, without good cause, to sign and return a waiver, the court must impose on the defendant the expenses incurred in making service and the reasonable expenses, including attorney's fees, of any motion required to collect those expenses. Fed. R. Civ. P. 4(d)(2).

Here, Plaintiff provided Defendants with the required documentation under Rule 4(d)(1), albeit the waivers incorrectly contained Plaintiff's counsel's information where Defendants' information would go. Nevertheless, this Court finds good cause for Defendants' failure to sign and return the waivers. Defendants Durfey, Smith, Young, Holley, Myers, Alexander, and Fain did not receive service at Madison Correctional Institution on October 25, 2022, because they no longer worked there. ODRC could not waive service on behalf of these former employees. (ECF No. 38 at 4). Those Defendants did not receive service until March 8, 2023, with the exception of Defendant Fain. As soon as those Defendants received service, they initiated the process of requesting and receiving approval from ODRC for the Ohio Attorney General to represent them in this matter. While the process for requesting representation is streamlined for current ODRC employees, the process for requesting representation takes longer for former employees. (ECF No. 43 at 4). Based on the state law processes and requirements for the Ohio Attorney General to represent former ODRC employees, the fact that Defendants started the process to receive Ohio Attorney General representation as soon as they received service, and the fact that Defendants responded to the Complaint shortly after receiving representation, this Court finds good cause for Defendants' failure to waive service. Therefore, Plaintiff's Motion for Costs and Fees for Service (ECF No. 37) is **DENIED**.

## III.  CONCLUSION

For the reasons set forth above, this Court **DENIES** Plaintiff's Motion for Clerk to Enter Default as to Defendants Emily Fain and Christopher Alexander and Motion for Default Judgment (ECF No. 40), as well as Plaintiff's Motion for Costs and Fees for Service (ECF No. 37).

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: October 30, 2023**